James SMITH, Plaintiff-Appellant,

v.

CITY OF CLAYTON et al.,
Defendants-Respondents.

No. 40118.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 21, 1979.

W. Morris Taylor, Taylor, Schumaier & Suddarth, St. Louis, for plaintiff-appellant.

A. Wimmer Carr, Tremayne, Lay, Carr & Bauer, Clayton, Thomas E. Toney, III, Edgar G. Boedeker, Fordyce & Mayne, St. Louis, for defendants-respondents.

REINHARD, Presiding Judge.

Plaintiff appeals from a judgment of the trial court, dissolving its restraining order and which further, refused to permanently enjoin defendants from promoting James Humphrey of the Clayton Police Force to the rank of captain on that same police force. Plaintiff's main complaint on appeal is that the trial court's order is not supported by substantial evidence.

Plaintiff's petition requested that the court enjoin defendants from promoting Sergeant James Humphrey to the rank of captain. The petition alleged that Humphrey did not have the requisite and necessary service requirements for promotion to Captain; to-wit: "three years service as sergeant," and further alleged this requirement appeared in the Manual—Department of Police, Clayton, Missouri (Manual revised on May 1, 1977). He also alleged Humphrey's appointment constituted a denial to plaintiff of his right to be considered in accordance with the rules and regulations pertaining to promotions.

Captain Morrisey of the Clayton Police resigned from his post, his last day of active duty being September 29, 1977. This resignation resulted in a vacancy for the position of captain. In an attempt to fill this vacancy the following notice was placed on the Police Bulletin Board on September 29, 1977, over the signature of Richard P. Anthony, Administrative Assistant to the City Manager:

> Police Captain Promotion Announcement.
> To all Qualified Clayton Police Sergeants:
> All police Sergeants with at least *two* years in that rank with the Clayton Police Department as of September 1, 1977, are eligible and invited to apply for promotion to Police Captain . . (Emphasis added)

On the same day, another notice was posted over the signature of the Chief of Police stating:

> On June 24, 1975, the qualification of eligibility for promotion from Sergeant to Captain was reduced from three (3) years to two (2) years. This change was not noted when the manual was printed and the old qualification was printed.

On Page 76 400–3 sub section C should read:

> 'Candidates must have served a minimum of two years service as Sergeant to establish eligibility to participate in the promotion process.'

Make correction in your manual.

Four sergeants on the force, James Humphrey, William Kortkamp, Keith McConnell and plaintiff applied to fill the vacancy. Subsequently, McConnell withdrew his name from consideration, leaving the remaining three in competition for the job.

Defendant Chief Michael Broser testified that the manual's three year requirement was an error; that he first learned of this error on September 29, 1977, when then Captain Morrisey pointed out Humphrey would be ineligible under a three year requirement. He further testified that immediately upon learning of the error he contacted defendant City Manager, Lee R. Evett, and with his approval posted the notice set out above. He also stated that all eligible candidates were also informed by letter of the existing two year requirement, and that the two year notice appeared before any of the applications were filed. His testimony was also to the effect that there had never been a three year requirement, but that the previous requirement was five years. Plaintiff testified that the requirement was two years in 1975 and 1976 when tests were given.

The three aspiring sergeants took the appropriate examinations for the position of captain and Humphrey scored highest overall, plaintiff ranking third. Humphrey received the appointment.

The trial court found in favor of defendants and dismissed the restraining order. Pursuant to plaintiff's request, the trial court also made specific findings of fact and conclusions of law. In these findings, the court recognized Section 2–98 of the Code of Ordinances of the City of Clayton which provides:

> The Chief of Police may promulgate rules and regulations for the government of

the Police Department and policemen, to be subject to the approval by the City Manager, and may in like manner from time to time amend or repeal such rules and regulations or adopt new rules and regulations.

It also found,

that the rules and regulations for the appointment of captains within the Police Department provide that an individual must have at least two years minimum time in the rank of sergeant; . . . and that the length of service as sergeant as stated in the 'Manual—Department of Police, Clayton, Missouri' was in error.

■ *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) establishes our scope of review in court-tried cases. *Murphy* requires that we affirm the trial court's·ruling unless,

. . . there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. 536 S.W.2d 30, *at 32.*

■ Imbued with the sense of direction *Murphy* affords, we are obliged to affirm the decision of the trial court as there is sufficient evidence to support the trial court's order.

Chief Broser testified that the two year requirement was in effect when the notice of the vacancy was posted, and prior to the filing of plaintiff's application. He stated categorically that the manual was, in fact, erroneous. The conflicting testimony of former Captain Morrisey notwithstanding, the trial court was free to attach to this testimony whatever weight it chose. *Snadon v. Gayer*, 566 S.W.2d 483[5–6] (Mo.App. 1978). Obviously, the trial court chose to believe Chief Broser's testimony and accorded it the most weight.

■ In exercising its inherent option the trial court did not commit error. Chief Broser's lengthy testimony constituted substantial evidence on which the trial court could base its findings. On review, a judgment is presumed correct and the burden of proving it erroneous rests upon he who challenges the judgment and prosecutes the appeal. *Snadon, supra* ; *Corley v. Kiser*, 556 S.W.2d 218[1] (Mo.App.1977); *Ryan v. Equitable Life Assurance Soc. of U. S.*, 560 S.W.2d 884[2] (Mo.App.1977). Plaintiff has failed to sustain this burden and we must, therefore, sustain the judgment. We remain ever cognizant of the trial court's superior ability to observe the demeanor of a witness and thereby determine his credibility. *Snadon, supra; Corley, supra; Ryan, supra.* We defer to its judgment.

■ Lastly, plaintiff challenges one of the findings of fact as not conforming to the evidence claiming that the court found the City Manager made the rules rather than the Police Chief. He argues that the rules were not prepared in accordance with the procedure established in the ordinances. The evidence supports the defendant's contention that the rules were promulgated by the Chief of Police and approved by the City Manager. The fact that the court made a finding that the City Manager prepared the rules in the first instance does not necessitate reversal. While we do not agree with this finding of the trial court, a correct decision will not be disturbed because a trial court may give a wrong or insufficient reason therefore. *Webb v. St. Louis County Nat. Bank*, 551 S.W.2d 869[8] (Mo.App.1977).

Affirmed.

CLEMENS and GUNN, JJ., concurs.