Morgan R. WALKER and Anna F. Walker, Plaintiffs-Respondents,

v.

MULTI–WOOD PRODUCTS, INC., Defendant-Appellant.

No. 10540.

Missouri Court of Appeals, Southern District.

May 14, 1979.

Gerald D. McBeth, Ewing, Ewing, Carter, McBeth & Smith, Nevada, for defendant-appellant.

Joseph B. Phillips, Phillips & Phillips, Stockton, for plaintiffs-respondents.

Before HOGAN, P. J., STONE, J., and GRIMM, McHANEY and STEELMAN, Special Judges.

DORMAN L. STEELMAN, Special Judge.

This case arises from a petition for damages filed in the Circuit Court of Cedar County, Missouri, on April 19, 1974. The petition alleged that plaintiffs-respondents' lake had been contaminated by a leakage of pentachlorophenol from defendant-appellant's place of business. Service of process was had by timely delivery of the petition and summons to Mr. Larry Tittle at his place of business in El Dorado Springs.

Appellant filed a Motion to Dismiss for failure to state a cause of action on the ground the Court did not have jurisdiction over the parties nor the subject matter. Said Motion was overruled and appellant filed its Answer on June 21, 1974.

On March 24, 1975, a Stipulation of Compromise and Settlement was filed and judgment entered accordingly. Said Stipulation was signed by respondents and appellant (represented by Larry Tittle, agent), and both parties' legal counsel.

On June 18, 1976, appellant filed its Petition to Set Aside Judgment, Petition to Quash Execution and Motion to Expedite. Respondents filed their Motion to Strike on August 23, 1976. The cause was tried without a jury on September 10, 1976. The Court took the matter under advisement and on October 27, 1976, entered judgment for respondents. In due time the appeal was perfected to this Court.

■ Appellant's brief has one "point" relied on. Rule 84.04(d), V.A.M.R., says the points relied on shall state briefly and concisely what actions or rulings of the Court are sought to be reviewed. The purpose of this rule is to focus a beam of light on claimed errors in order that litigants and appellate courts may visibly know, by a concise summary, the issues sought to be reviewed. *Cavaness v. Armstrong*, 525 S.W.2d 446 (Mo.App.1975). The appellant's "point" relied on is worded as though the appellant was not served with process on its own Petition to Set Aside the Judgment. It is not the province of this Court to attempt to read the minds of appellant's attorneys, but as best as we can determine, appellant is complaining about the service of process of the original petition.

■ On this basis, we have the right to summarily dismiss appellant's brief from our consideration. In *State Highway Commission v. City of Sullivan*, 520 S.W.2d 186 (Mo.App.1975), the Court said the "points" raised by appellant failed to comply with Rule 84.04, V.A.M.R., governing appellate briefs and, therefore, did not warrant discussion or consideration by the Court of Appeals. See also *Kerr v. Ehinger, Inc.*, 515 S.W.2d 763 (Mo.App.1974).

It is patently obvious that the "point" purportedly raised by appellant in its brief violates both the letter and the spirit of Rule 84.04, V.A.M.R. However, for purposes of this case the Court will assume appellant is referring to the service of process of the original petition.

The issue at the trial was mutually agreed to be the authority of Mr. Tittle to: (1) receive the service of process on behalf of appellant; (2) retain an attorney, then authorize him to enter an appearance on behalf of appellant; and (3) stipulate to the aforementioned judgment on behalf of appellant.

Mr. Ray N. Fowler, the attorney who appeared on behalf of the corporation, Multi-Wood Products, Inc., filed pleadings and stipulated to the judgment, was called as a witness by appellant. He testified to the following: that he represented Multi-Wood Products, Inc., with regard to a criminal pollution charge arising out of the leakage of pentachlorophenol out of which this civil action arose; that in the criminal charge he dealt with Kenneth T. Hanson of Forest City, Iowa, President of Multi-Wood Products, Inc. Mr. Fowler stated that when the appeal on the criminal matter was started he dealt exclusively with Larry Tittle. He testified that he was told by Mr. Hanson in the process of working on the criminal matter that he could deal with Mr. Tittle, use

him in any way that he wanted. He understood that Larry Tittle had full authority to dispose of the criminal matter. Mr. Fowler also testified on cross-examination that he felt the settlement of the civil case, which he negotiated, was fair and reasonable under all the circumstances of the case as he understood them.

The existence of an agency relationship is a question of fact for the trier of facts and this finding of the trial court will not be set aside unless clearly erroneous. *Labor Discount Center, Inc. v. State Bank & Trust Co. of Wellston,* 526 S.W.2d 407 (Mo.App.1975). However, in this case, where there was conflicting testimony as to the actual authority of Larry Tittle to receive service of process on behalf of appellant, due weight should be given to the trial court's determination. It is not necessary for this Court to reach the question of whether there were sufficient facts for the trial court to find that Larry Tittle had actual authority to receive service of process, because Mr. Tittle had implied authority to receive service of process. Implied authority is proved by deductions or inferences from other facts and circumstances in the case. This may be prior habits or as in this case, dealings of a similar nature between the parties. *Dudley v. Dumont,* 526 S.W.2d 839 (Mo.App.1975). Implied authority arises from the concept of where one party has so acted that others are led to believe in the right of a third person to act as agent. If any loss occurs by reason of the acts of the supposed agent, the loss must fall upon the person whose conduct caused the mistake. *City of Springfield for Use and Benefit of Horton v. Koch,* 228 Mo.App. 511, 72 S.W.2d 191 (1934). Furthermore, the existence of an agency relationship is a question for the trier of fact. *Labor Discount Center, Inc. v. State Bank and Trust Company of Wellston,* supra, 526 S.W.2d 407. The scope of appellate review of a case tried by a court without a jury is to find by Rule 73.01, V.A.M.R., that: (a) the Court shall review the case upon both the law and the evidence as in suits of an equitable nature; (b) due regard shall be given to the opportunity of the trial court

to have judged the credibility of the witnesses. Under the decision of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), this rule means that the judgment of the trial court must be sustained by the appellate court unless: (1) there is no substantial evidence to support it; (2) it is against the weight of the evidence; (3) it erroneously declares the law, or unless it erroneously applies the law. We have reviewed the record and conclude that there was sufficient evidence for the court to make its findings that service of process on Larry Tittle as agent for appellant, Multi-Wood Products, Inc., was proper and valid. We conclude that service of process on Tittle was within the realm of implied agency and accordingly affirm the findings of the trial court.

All concur.