**PRUDENTIAL PROPERTY AND CASUALTY INS. CO., INC.,**
**Plaintiff-Respondent,**

v.

**William COLE, Sr., Defendant-Appellant.**

No. 40351.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1979.

Raymond Howard, Kenneth R. Singer, Raymond Howard, St. Louis, for defendant-appellant.

Armstrong, Teasdale, Kramer & Vaughan, Richard B. Scherrer, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant William H. Cole appeals from a declaratory judgment declaring that his homeowner's policy with plaintiff-respondent Prudential Property Ins. Co. was void ab initio for fraudulent misrepresentations made in the policy application. The trial court's judgment was also adverse to Cole on his counterclaim for insurance benefits, interest, vexatious penalties and attorney's fees. The substance of Cole's appeal is that the findings of the trial court were against the weight of the evidence and not supported by substantial evidence. We affirm.

In our review of this court tried case we are guided by some rather fundamental legal precepts: in a court tried case the judgment is presumed to be correct. The judgment will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence or erroneously declares the law or erroneously applies the law. *Walker v. Multi-Wood Products, Inc.*, 581 S.W.2d 617 (Mo.App.1979); *Kansas City Elec. v. Bomar Elec. Co.*, 581 S.W.2d 411 (Mo.App.1979); *Smith v. City of Clayton*, 579 S.W.2d 675 (Mo.App.1979). Further, where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Hayes v. Reynolds*, 579 S.W.2d 119 (Mo.App.1979); *Gover v. Empire Bank*, 574 S.W.2d 464 (Mo. App.1978). Finally, "[t]he judgment is to be affirmed under any reasonable theory supported by the evidence (cite omitted). The appellate court is also obliged to accept as true the evidence and permissible inferences which may be drawn, favorable to the prevailing party, and disregard the contradictory testimony." *S. G. Adams Printing v. Central Hardware Co.*, 572 S.W.2d 625, 628 (Mo.App.1978). Therefore, in this case in which Cole's basic attack is that his evidence is more truthful than Prudential's he is faced with the almost insuperable burden of overcoming the judgment against him.

The evidence supporting the judgment relating to the fraudulent misrepresentations in the homeowner's policy application begins with Prudential's salesman meeting with Cole to take an application for homeowner's insurance for Cole's St. Louis residence at 1332 Laurel Avenue. Regarding prior homeowner's insurance history, Cole related for the application that within the past three years, he had not had *any* homeowner's policy cancelled, refused to be renewed or acceptance declined, nor had he incurred any losses; that he occupied the premises year around at the present time and for the prior two years. The application was then accepted by Prudential. About four months later a fire did substantial damage to Cole's residence which, according to Prudential's evidence, was vacant and unoccupied at the time of the fire. Investigation of the fire disclosed that the house was unoccupied; that approximately eight months earlier insurance coverage on the house by another carrier had been cancelled; that Cole had experienced a burglary loss on the property seven months prior; that within one year prior to the application, fire losses had occurred at two other separate properties in St. Louis owned at one time by Cole or a realty company controlled by him.[1] Cole's evidence was that at the time the fires to the two other properties occurred he had no connection with their ownership.

Based on the conflict between the information discovered through the investigation and Cole's answers on the policy application, Prudential sought by declaratory judgment action to have the policy declared void ab initio alleging that the answers to the questions in the application concerning occupancy, cancellation of previous insurance policies and prior losses were fraudulent misrepresentations. Defendant's former wife, Inzetta Cole, whose name was still on the deed, and Lindell Trust Company, who held a deed of trust on the property were jointly sued. Cole counterclaimed for losses sustained in the fire, for vexatious refusal to pay the claim and for attorney's fees. Prior to trial Prudential dismissed its cause of action against Lindell Trust when the deed was released. A default judgment was entered against Inzetta Cole. After trial, the court rendered voluntary findings of fact and conclusions of law and entered judgment for Prudential. The findings of fact recited:

> [T]he defendant [Cole] made a material misrepresentation in his application for the aforesaid homeowners insurance policy in that in said application he stated that he had not had any prior losses on real property he owned, when in fact the Court finds from the evidence adduced at trial that he had incurred prior fire losses at real property he owned, two of the losses being within five months of the date said defendant signed the application of insurance. The Court further finds that at the time plaintiff issued its aforesaid insurance policy to said defendant it did not know of the aforesaid losses and had it known of them it would not have issued the said homeowners policy. Because of such material misrepresentation, the Court finds the said policy void ad (sic) initio.

■ Cole initially assigns error to the implied findings of facts of the trial court in reaching its judgment. When, as here, no request is made of the court in a court tried case to make specific findings of fact or conclusions of law and they are voluntarily given, they are not the proper basis for assigning error and the general finding is the sole basis for review. *Key v. Gregory*, 553 S.W.2d 329 (Mo.App.1977). Cole's points of error must go to the plaintiff's allegations which are the necessary elements of the offense and are, in other words, the implied findings of fact forming the basis for the conclusions of law.

■ Cole alleges as error that there was no substantial evidence to support a finding that the representations were made

---

1. There was evidence that certain of the fires were of incendiary origin, including the fire at 1332 Laurel Avenue.

with knowledge of their falsity. Prudential's burden in establishing that the policy was void ab initio for fraudulent misrepresentations is to demonstrate the elements, which are:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (7) his reliance on the truth of the statement; (8) the hearer's right to rely on the statement;[2] *O'Shaughnessy v. Ward Aircraft Sales & Service, Inc.*, 552 S.W.2d 730, 733 (Mo.App.1977).

*Accord: Ackmann v. Keeney-Toelle Real Estate Co.*, 401 S.W.2d 483 (Mo. banc 1966); *Yeager v. Wittles*, 517 S.W.2d 457 (Mo.App. 1974). Intent that the statement be acted upon may be found if the insured knew that the representations were incorporated in the application when he signed it. *Cohen v. Metropolitan Life Ins. Co.*, 444 S.W.2d 498 (Mo.App.1969).

■ Cole points to his own evidence to argue that there were no misrepresentations. But in so doing he chooses to ignore the evidence favorable to Prudential, i. e., that in Cole's deposition he testified that at the time he made the application he knew his prior fire policy on the Laurel Avenue property had been cancelled and that he had not been residing at the house at the time of the burglary, seven months prior to the application. As prologued, contradictions in testimony are to be resolved by the trial court. *Smith v. City of Clayton,* supra; *Hayes v. Reynolds,* supra; *S. G. Adams Printing v. Central Hardware Co.,* supra. Giving consideration to the evidence before the trial court to support its judgment, and even discounting the evidence relating to the fires on the properties in which Cole disclaimed any interest, there is substantial evidence to support the trial court's conclusions of law.

■ Cole also argues that Prudential should be estopped from making its claim of fraudulent misrepresentation, as the questions in the policy application were too vague and lacking in specificity to alert him to their intent; that the questions referred to the most recent policy on the house that had been only for fire insurance and to losses suffered other than by fire, such as the recent burglary loss. The questions and answers upon which Prudential in part based its action are:

| 8A | Prior Homeowners Insurance History | During the past three years has any company: |
| | | Cancelled?     Refused to Renew?     Declined Acceptance? |
| | | ___Yes _x_No     ___Yes _x_No     ___Yes _x_No |
| 8B | Prior Losses | Has the applicant incurred any losses in the past three years? |
| | | ___Yes _x_No |

We find the questions sufficiently specific, particularly in view of Cole's experience as a real estate dealer.

■ Cole also asserts that Prudential should have independently determined on its own investigation what his previous insurance experiences had been. This point is untenable. When answers to an application are complete on their face, the insurer is not obligated to make further inquiry. *Weekly v. Missouri Property Ins. Placement Facility*, 538 S.W.2d 375 (Mo.App.1976).

Cole's reliance on *Farmer's Mutual & Lighting Ass'n. v. La Vallee*, 501 S.W.2d 69 (Mo.App.1973), on his estoppel theory will not support a reversal of the trial court's decision. In *Farmer's Mutual,* the insurer was estopped from raising a claim of fraudulent misrepresentation in an insured's application which falsely denied the existence of other insurance on mortgaged property. Since mortgage banks in Missouri require deeds of trust which routinely provide for insurance coverage to secure the loan, the court assumed that "[i]n the ordinary

---

**2.** Another element—that the hearer have consequent and proximate injury—is not pertinent in this case for declaratory judgment.

course of sane business practice . . . [the insurer] would contact the bank-mortgage holder to ascertain the fact and status of the loan and existing insurance". *Id.* at 76. On this assumption it was held that the trial court could properly conclude that the insurer had inquired of the mortgagee concerning other insurance and hence knew of its existence. We see no need to make such assumption when an application is complete on its face. We reaffirm the principle recently enunciated in *Weekly*, supra, that an insurer has no duty to inquire when the application is complete on its face.

We find that the judgment is supported by substantial evidence; that it is not against the weight of the evidence nor does it erroneously declare or apply the law.

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.