Willie HAYNES and Zebedee
Haynes, Respondents,

v.

MISSOURI PROPERTY INSURANCE
PLACEMENT FACILITY, Appellant.

No. 45024.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 19, 1982.

Daniel T. Rabbitt, Jr., St. Louis, for appellant.

Donald V. Nangle, St. Louis, for respondents.

CRANDALL, Presiding Judge.

This appeal arises out of a suit on a fire insurance policy issued by appellant, Missouri Property Insurance Placement Facility, to recover for loss sustained when the insured building was damaged by fire on August 26, 1979. Appellant denied payment and filed a counterclaim seeking a declaratory judgment that the insurance policy was void because respondents misrepresented to appellant in their insurance applications that they were not delinquent in their payment of real estate taxes. The case was tried to the court, which found in favor of respondents. We affirm.

Respondents, Willie and Zebedee Haynes, owned a home located at 4865 Greer Avenue in the City of St. Louis. Respondents lived in the home from 1962 or 1964 until the date of the fire. In 1974, respondents, through their agent, took out an application for fire insurance on their home and the appellant issued a policy of fire insurance for one year. Each year thereafter respondents filed an application and appellant renewed their policy. Every application contained the question: "Are there any delinquent taxes against this property?" On every application the respondents answered: "No." The applications placed respondents on notice that: "Failure to answer the following question properly could result in voidance of contract."

At the time of the loss, respondents were delinquent on their real estate taxes for the years 1974, 1976, 1977, and 1978. After the loss, respondents made demand for pay-

ment. Appellant refused payment and wrote to respondents declaring the policy void *ab initio* because of the misrepresentations regarding delinquent real estate taxes. They further stated that: "Our underwriting regulations are such that insurance would not have been provided if you had truthfully stated the above facts at the time you applied for insurance." A check for $405.45, representing the premium payment plus 6 percent interest, was enclosed with the letter.

■ There is no dispute in this case that the applications for insurance contained misrepresentations of fact as to the existence of tax delinquencies. The fact that there were misrepresentations are not sufficient alone to void the policy. A representation in an application for insurance, which is not in the form of a warranty or incorporated in the policy itself, must not only be false, but also material to the risk in order for the insurer to avoid its policy. *Weekly v. Missouri Property Insurance Placement Facility,* 538 S.W.2d 375, 378 (Mo.App.1976). The materiality of a misrepresentation in an insurance application is determined by whether the fact, if stated truthfully, might reasonably influence an insurance company to accept or reject a risk or to charge a different premium and not whether the insurer in question was actually influenced. *See Miller v. Plains Insurance Co.,* 409 S.W.2d 770 (Mo.App.1966). The trial court may also consider "what those engaged in the . . . insurance business, acting reasonably and naturally, in accordance with the practice usual among such companies under such circumstances, would have done had they known the truth." *Chambers v. Metropolitan Life Ins. Co.,* 235 Mo.App. 884, 138 S.W.2d 29, 39 (1940).

Appellant relies primarily on the case of *Weekly v. Missouri Property Insurance Placement Facility,* 538 S.W.2d at 375. In *Weekly,* the trial court, in a jury-waived trial, found that the misrepresentation in an application for insurance as to delinquent real estate taxes on the insured property was a material misrepresentation of fact permitting the insurance company to void the policy. In affirming this judgment, this court held that there was sufficient evidence from which the trial court could have reasonably concluded that the misrepresentations were material to the risk. *Id.* 378–379.

■ Misrepresentations by insureds in applications for insurance generally fall into two categories: those that are material as a matter of law, *see Bearden v. Countryside Casualty Co.,* 352 S.W.2d 701, 707 (Mo. App.1961); and those that are material as a matter of fact. It was determined in *Weekly* that misrepresentations regarding tax delinquency belong to the latter class. Therefore, the question of materiality in such a case is for the trier of fact to decide. 538 S.W.2d at 378.

■ Respondents made a prima facie case by showing that the policy was in force at the time of the fire and that the loss occurred. *Tuohey v. National Insurance Underwriters,* 369 S.W.2d 421, 425 (Mo.App. 1963). The burden was upon appellant to prove that there was a material misrepresentation by which it could avoid liability. Appellant argues that the trial court should have concluded that the misrepresentation was material because sufficient evidence was presented in support of that proposition. This argument is irrelevant to our standard for appellate review. The test is whether the trial court could have reasonably decided as it did. *See Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). The fact that appellant's procedure guide for underwriting stated that the questions concerning delinquent taxes were "very important and an improper answer could result in voidance of the contract" and that the policy application stated that "[f]ailure to answer the following questions properly could result in voidance in the contract" does not per se make misrepresentations to such answers material.

■ In accordance with its underwriting regulations, appellant asserts that it would have not considered an applicant for fire insurance with delinquent taxes as an ac-

ceptable risk unless extenuating circumstances were indicated on the application. There was evidence adduced at trial that the original purpose of voiding policies in which the applicant was delinquent in taxes was to prevent illicit profit by the insured when arson was suspected. Policies were voided by appellant even when a loss occurred but no arson was suspected. Appellant argues that tax delinquency is nonetheless material to insuring the risk because those who are delinquent in their taxes tend to be negligent in the upkeep of their property.

A former claims adjustor for appellant testified that of the twenty-eight similar programs that existed in other states, none made reference to tax delinquency on the fire insurance application, nor did he know of any other insurance company that asked applicants as to such matters. He also testified that he saw no relationship between an applicant's tax delinquency on real property and an increased risk on the part of the insurance company in insuring that property.

Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, excepting or rejecting all, part, or none of the testimony. *Prudential Property and Casualty Ins. Co., Inc. v. Cole,* 586 S.W.2d 433, 434 (Mo.App.1979). In this case, the trial court had to determine whether the nexus between respondents' delinquency in property taxes and negligent upkeep of their property was sufficiently related to make the misrepresentations material. Since there was conflicting evidence on this issue, the trial court is entitled to deference in resolving the conflicts. Rule 73.01(c)(2). We will not substitute our judgment for that of the trial court.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.