Jeffrey L. GALVAN and Carol F. Galvan, Plaintiffs-Appellants,

v.

CAMERON MUTUAL INSURANCE, Defendant-Respondent.

No. 50707.

Missouri Court of Appeals, Eastern District, Division Two.

June 9, 1987.

Motion for Rehearing and/or Transfer Denied July 30, 1987.

Jeffrey Galvan, Farmington, for plaintiffs-appellants.

Thomas J. O'Neal, Springfield, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiffs appeal from a judgment based upon a jury verdict in favor of Cameron Mutual Insurance Company on plaintiffs' suit to recover for a fire loss. We affirm.

Cameron issued its homeowner's policy to cover the plaintiffs' residence. The house exploded and burned resulting in a total loss. Cameron declined payment on the bases (1) that plaintiffs had made material misrepresentations in their application for the policy, (2) that plaintiffs had intentionally caused the destruction of the home and (3) that plaintiffs had fraudulently prepared their proof of loss to reflect loss of personal property not destroyed in the fire. Plaintiffs challenge the sufficiency of the evidence to support each of these allegations. We review the evidence in the light most favorable to the defendant to determine whether there was sufficient evidence

# 773

to support the verdict. *Marshall v. Edlin*, 690 S.W.2d 477 (Mo.App.1985) [1].

Defendant submitted to the jury two alternative material misrepresentations in the application. The first was the failure of plaintiffs to reveal prior insurance losses occurring within three years of the application. It was admitted that plaintiffs had in fact sustained three losses in that period, including the total loss of another home. The second misrepresentation was the negative answer of Mrs. Galvan when asked by the insurance broker whether Mr. Galvan was the "Galvan" who was in jail awaiting trial for bank robbery and other crimes. The testimony of the broker was that she asked the question and was given a negative answer. The husband was at the time in jail awaiting trial on bank robbery and assault charges. He was subsequently acquitted of those charges, although at the time of trial he was in the penitentiary on a drug offense conviction.

■ A representation made when applying for insurance which is not incorporated into the policy must be both false and material to allow the insurer to avoid the policy. *Haynes v. Missouri Property Insurance Placement Facility*, 641 S.W.2d 497 (Mo.App.1982) [1–3]. The test of materiality is whether if stated truthfully the answer might reasonably influence an insurer to reject a risk or charge a higher premium. Whether the insurer in fact was influenced is not determinative. Industry custom may be considered in applying this test. *Id.* Whether the two misrepresentations here are material is a question of fact for the jury. *Id.* There was evidence from the defendant that it is a company which insures low risk property and declines high risks. The broker testified that had she been advised of Galvan's incarceration she would not even have attempted to place the risk with defendant because of its stringent requirements. There was also evidence that had the company known of the prior loss history it would not have issued the policy. This was sufficient evidence to meet the materiality issue and to support submission of the material misrepresentations.

■ There was also sufficient evidence to submit the arson defense. That the fire resulted from incendiarism is undisputed. Plaintiffs claimed to have been in the Branson area when the explosion and fire occurred. But their hotel receipt from there reflected four occupants of the accommodations not the six testified to by wife. There was evidence that plaintiffs were in substantial debt; that their income was inadequate to support their spending habits, including husband's serious drug addiction and substantial legal fees; that they had twice unsuccessfully attempted to sell the home at prices considerably below the amount of insurance coverage; and that shortly before the explosion and fire the family dog and its house were relocated considerably further from the house. There was evidence that a car resembling plaintiffs' was seen near the home the night before the fire when plaintiffs were supposedly out of town. There was substantial evidence that many items of personal property claimed to have been lost in the fire were not in the home at the time of the fire. There was also evidence of plaintiffs having previously profited from fire losses. Arson by the insured may be established by circumstantial evidence. *Garrison v. United States Fidelity and Guaranty Co.*, 506 S.W.2d 87 (Mo.App.1974) [2]. The evidence was sufficient to support the arson submission.

■ The proof of loss fraud charges are also supported. Plaintiffs listed as lost twenty-seven pages of personal property having a value of $42,000 acquired in four years for cash. With very few exceptions no receipts were available. During this period of acquisition plaintiffs' monthly income did not exceed $1100 and they had $600 per month in fixed payments for debts. There was considerable testimony that no clothing remnants were found in some closets where clothes were supposed to be stored and an expert opined that such remnants should have been present. Additionally, there was no indication in the rubble of metal remains of many items listed by plaintiffs as destroyed. Again the expert testified that such remains should

have been present. The record supports submission of the fraudulent proof of loss defense.

 Plaintiffs also challenge the admissibility of certain testimony elicited by defendant. In one case the evidence dealt with the observations of the fire chief during his examination after the fire. The chief had not been qualified as an expert on the cause and origin of fires and he was not permitted to testify to his conclusions in that area. What he did testify to were his observations as a layman of what he saw or did not see in the house after the fire. These observations did not require expertise and while some of his answers were conclusive such is permissible by a lay witness when used to articulate a summary of conditions. *Whitney v. Central Paper Stock Company*, 446 S.W.2d 415 (Mo.App.1969) [4–7]. Another challenge is raised to the testimony of the expert fire investigator. That challenge is without merit. The witness was properly qualified as an expert and his testimony was in his area of expertise.

 Plaintiffs also point to error in the admission of evidence concerning a fire in a home they owned occurring outside the three year period covered by the insurance application. In an arson case, history of other fires, if not too remote in time or dissimilar in circumstances, is admissible to show motive and intent. *Johnson v. Truck Insurance Exchange*, 285 Ark. 470, 688 S.W.2d 728 (1985) [5, 6]. The five year period involved is not too remote, and the fires are not dissimilar.

We have reviewed plaintiffs' remaining claims of error and find no error. Defendant's motion to dismiss plaintiffs' brief is denied.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.