**Edwin DAVIDSON and Bettie Davidson, and Charles Burton and Wilma Burton, Plaintiffs–Respondents,**

**v.**

**Leon BURNS and Stephen Arnold, Defendants–Appellants.**

**No. 15425.**

Missouri Court of Appeals, Southern District, Division Two.

April 27, 1988.

William Icenogle, Icenogle & Icenogle, Camdenton, for defendants-appellants.

Richard E. Duggan, Sunrise Beach, for plaintiffs-respondents.

MAUS, Judge.

The plaintiffs-respondents are Edwin and Bettie Davidson, his wife, and Charles and Wilma Burton, his wife. They own adjoining lots on the Lake of the Ozarks. The defendants-appellants Leon Burns and Stephen Arnold are in the concrete construction business. Defendants constructed a seawall on those lots for plaintiffs. After a court trial, plaintiffs recovered a judgment against defendants as a result of the collapse of that seawall.

The defendants' sole point on appeal is that the court erred because "the weight of the credible evidence is that the seawall failed because it was backfilled improperly with clay, rock and tree limbs taken from the site when it should have been backfilled with gravel rather than that it failed because of the height." It is trite to observe the judgment of the trial court is to be reviewed under the standards of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Further, "the trial court has the prerogative to determine the credibility of the witnesses, excepting [sic] or rejecting all, part, or none of the testimony." *Haynes v. Mo. Prop. Ins. Placement Facility*, 641 S.W.2d 497, 500 (Mo.App.1982).

The evidence concerning the following background of the litigation is undisputed. The Davidsons and Burtons each owned a lot with a frontage of eighty feet on the lake. The terrain of the lots sloped sharply to the lake. The owners planned to level a portion of the lots and place residences on that part. They determined to build a seawall on the lake frontage to adapt the terrain to their use. They had no knowledge of how such a seawall should be constructed.

The plaintiffs reached an agreement with the defendants for the defendants to construct the seawall. The terms of that agreement are in dispute. A concrete seawall was completed in August, 1986. It was 160 feet long, 8 inches thick and 8 feet high. Part of the Burtons' lot was levelled and in October, 1986, the seawall fronting that lot was backfilled. The backfill consisted of trees, rock and clay from the lot. In December, 1986, the portion of the seawall fronting that lot fell into the lake. As a result the wall adjoining the Davidson lot was damaged and cracked.

The defendants' contention concerning the weight of the evidence has been noted. They did present evidence to the following effect. The wall was constructed according to specifications prescribed by the plaintiffs. Material from the lot was improperly used for backfill. Gravel should have been used for backfill, at least against the bottom portion of the wall. They told the plaintiffs to use gravel. The portion of the wall collapsed because improper material was used for backfill.

On the other hand, the plaintiffs presented evidence to the following effect. They relied upon the defendants to determine the specifications necessary to build a seawall that would not collapse. They were not told gravel should be used for backfill. A witness who had been constructing seawalls for 20 years testified the seawall in question was not adequately constructed. The wall should have been 12 inches thick. It did not have an adequate number of returns or braces, adequate wings or an adequate footing. If the wall had been constructed without those inadequacies, it would not have fallen even though the material from the lot was used for backfill.

An expert, a civil engineer presented by the defendants, testified the wall was not

high enough for what the plaintiffs wanted to do. He said because of the insufficient height, even if gravel had been used for backfill, "there would have been serious problems with that wall." This was in answer to a question of whether or not the wall would have collapsed even if gravel had been used in the bottom of the backfill. In this context, the trial court could consider this as proof that the wall fell because it was improperly built.

The trial court expressly found

the seawalls constructed by the Defendants were constructed at a height the Defendants agreed would work, and that by Defendants' own witness, eight feet was not a sufficient heighth [sic] for the seawall. Further, the backfill was to be rock. Defendants should have, if they didn't, advise [sic] Plaintiffs that a gravel fill was a necessity for that heighth [sic] of wall.

It entered judgment for plaintiffs Davidson for $2,000 (the cost of repair) and for plaintiffs Burton for $5,525 (the cost of removal and replacement). There is evidence to support the finding and judgment. Giving deference to the function of the trial court to determine the credibility of the witnesses, *Lillo v. Thee,* 676 S.W.2d 77 (Mo.App. 1984), this court is not firmly convinced the judgment is against the weight of the evidence. *McComas v. Umlauf,* 641 S.W.2d 809 (Mo.App.1982). The judgment is therefore affirmed. *Iota Management Corp. v. Boulevard Inv. Co.,* 731 S.W.2d 399 (Mo. App.1987).

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.