Ronald ADAMS and Sharon
Adams, Appellants,

v.

COLUMBIA MUTUAL INSURANCE
COMPANY, Respondent.

No. WD 54556.

Missouri Court of Appeals,
Western District.

Aug. 25, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 27, 1998.

Jay Shadwick, Kansas City, for Appellants.

William Modrcin, Kansas City, for Respondent.

SPINDEN, Judge.

Ronald and Sharon Adams appeal the circuit court's summary judgment for Columbia Mutual Insurance Company in the Adamses' lawsuit in which they accused the insurance company of breaching their contract and being vexatious in refusing to pay for repairs of their car damaged in a 1996 crash. The Adamses sued Columbia Mutual in four counts: for declaratory judgment that Columbia Mutual was liable to pay for the repairs, for breach of an insurance contract, for promissory estoppel, and for vexatious refusal to pay. We reverse the circuit court's summary judgment and remand for further proceedings.

The circuit court's order granting summary judgment said, "[T]he [Adamses] made material misrepresentations regarding [their]

claims history to [Columbia Mutual's] agent to secure a binder for automobile insurance, [so] there is [no] genuine issue as to any material fact and [Columbia Mutual] is entitled to a Summary Judgment as [a] matter of law." The material misrepresentation averred by Columbia Mutual concerned the number of accidents the Adamses listed on their application for coverage.

The Adamses' application reported that they had been involved in two accidents in the previous five years: one in November 1995 involving a car driven by Ron Adams and another in October 1995 involving a car driven by the Adamses' daughter, Amanda Adams. While considering the Adamses' application, Columbia Mutual learned that Ron Adams had been involved in automobile collisions on December 11 and on December 13 during 1995 and that he had not been involved in any reported accidents during November 1995. Ron Adams asserted during a deposition that when he applied for insurance with Columbia Mutual's agent, he told the agent that he had one December accident— he was thinking, he said, of the December 13 collision—but the agent reported it on the application as occurring during November. He said that he had forgotten about the accident on December 11 because it was minor—damages totaled only $512.

The Adamses contend that the circuit court erred in granting summary judgment because a genuine issue of fact was in dispute: whether the Adamses' failure to report the two accidents in December on their application for insurance was material. This issue, they assert, was not proper for summary judgment. We agree.

A misrepresentation in an insurance application is material if it would have influenced a reasonably careful insurance company's decisions concerning acceptance of a risk and what premium to charge—not whether the misrepresentation actually influenced the insurer. *Haynes v. Missouri Property Insurance Placement Facility*, 641 S.W.2d 497, 499 (Mo.App.1982). The misrepresentation is material, too, if insurance companies, acting reasonably and naturally in accord with their custom and practice, would have relied on the representation. *Id.*

The Adamses did not contradict Columbia Mutual's evidence that it would not have bound itself to cover the Adamses had it known the Adamses' true claims history. Columbia Mutual, however, was obligated to show more: what insurance companies, acting reasonably and naturally in accord with industry custom and practice, generally would have done. To meet this burden, Columbia Mutual presented evidence that State Farm had refused to renew its coverage of the Adamses' vehicles and that American Family Insurance Group denied their application for insurance because of their claims history. This was not enough.

In light of Sharon Adams' deposition testimony, State Farm's decision not to renew is not significant concerning custom and practice. She said that while State Farm insured her family's vehicles, her parents lived with them and had a separate policy with State Farm. She said that State Farm sent them a letter telling all of them that they were not going to be renewed. When she telephoned State Farm and asked why her and her husband's names appeared on the letter, she said she was told it was because they all lived in one house and were considered one risk and that their loss ratio was too high.

Although American Family denied coverage because of the Adamses' claims history, the Adamses' claims included at-fault collisions, not-at-fault collisions, and noncollisions (comprehensive claims). The Adamses, however, presented the uncontradicted affidavit of an expert which said that insurance companies considering an applicant's claims history customarily deem only claims creating liability to third parties to be significant. This created genuine issues of fact: How many of the Adamses' claims involved liability to third parties—the evidence does not provide enough information for us to know— and if the claims that did not involve liability to third parties were removed, would American Family still have denied coverage to the Adamses? This puts us in a quandary concerning the basis for American Family's denial. It certainly thwarts Columbia Mutual's attempts to use it to show custom and practice.

The general principle that materiality is a question of fact for a jury to resolve, therefore, applies to this case. We do not know whether the claims history that the Adamses' application presented would have influenced insurance companies generally, acting reasonably and naturally in accord with custom and practice, to have denied coverage. The circuit court erred in granting summary judgment; therefore, we reverse the summary judgment for Columbia Mutual and remand for further proceedings.

HOWARD, P.J., and BRECKENRIDGE, J., concur.