**Betty M. WARE, Respondent,**

v.

**Bobby Hugh WARE, Appellant.**

**No. 44480.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 8, 1983.

---

Hal B. Coleman, Clayton, for appellant.

Gail N. Gaus, Clayton, for respondent.

CRANDALL, Presiding Judge.

Appellant-husband, Bobby Hugh Ware (respondent below), appeals from a decree of dissolution. He alleges error in (1) the division of marital property, (2) the award of maintenance to respondent-wife, Betty M. Ware (petitioner below), (3) the amount of child support awarded to respondent, and (4) the award of attorney's fees to respondent. We affirm.

The parties' marriage was dissolved after twenty-eight years. Two children were born of the marriage, a daughter and a son who were nineteen and fifteen years of age respectively at the time of the trial. The daughter was placed in appellant's custody, and the son, a sophomore in high school, was placed in respondent's custody.

The standard of appellate review in a court-tried case requires this court to affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Where

there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Trunko v. Trunko,* 642 S.W.2d 673, 674–75 (Mo.App.E.D., Nov. 2, 1982). The judgment is to be affirmed under any reasonable theory supported by the evidence. *Prudential Property and Casualty Ins. Co., Inc. v. Cole,* 586 S.W.2d 433, 434 (Mo.App.1979). Further, the appellate court must accept as true the evidence and permissible inferences therefrom favorable to the prevailing party and disregard the contradictory evidence. *Id.* at 434. Deference is accorded the trial judge even if there is evidence which might support a different conclusion. *Roark v. Harvey,* 544 S.W.2d 287, 291 (Mo.App.1976). Within this narrow scope of review, we now consider appellant's four allegations of error.

Appellant first contends that the trial court abused its discretion in dividing the marital property. The trial court found the marital property to be (1) a house worth $235,000, encumbered by a $37,000 note and deed of trust, and (2) other assets having an aggregate value of approximately $132,000. The trial court set aside $58,000 worth of assets to appellant and $6,000 worth of assets to respondent as separate property.

■ Assuming the sale of the house,[1] the trial court's decree awarded approximately 57 percent of the marital property to respondent and 43 percent of the marital property to appellant. In dividing marital property, the trial court is required to make a just division, but it need not be equal. § 452.330, RSMo (1978); *Lewis v. Lewis,* 637 S.W.2d 207, 209–210 (Mo.App.1982).

■ Appellant argues that the trial court erred in its distribution of property because it included the parties' separate

1. The sale of the marital home was delayed until after the son's graduation from high school.

2. Under § 452.330.1(3), the trial court may also consider the economic circumstances of each spouse. Appellant's and respondent's economic circumstances are grossly disparate. Appellant, as president of Allied Health Care Products, Inc., earned a gross salary of over $5,600

assets in computing each party's share of marital property. Although this contention is not specifically supported by the extensive findings of fact and conclusions of law of the trial judge, when each party's separate property is included with their marital property, each received property of an approximately equal value. Under § 452.-330.1, RSMo (1978), separate property is one of the four nonexclusive factors to be considered by the trial court when dividing marital property. The weight to be given that factor in comparison to other factors is primarily a matter of judgment for the trial court. *Hopkins v. Hopkins,* 639 S.W.2d 249, 251 (Mo.App.1982). We find that the trial court's division of marital property was supported by substantial evidence,[2] and there was no abuse of discretion.

■ Appellant next contends that the trial court erred in its decree by awarding respondent (1) maintenance, (2) $435 per month for child support, and (3) attorney's fees of $1,600. After examining the record we are convinced that the trial court's decree is supported by substantial evidence and that the trial court did not abuse its discretion. An extended opinion on these points would have no precedential value. Rule 84.16(b).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

per month plus fringe benefits, while respondent, currently unemployed, had only a high school education and scant experience as a secretary over twenty years ago. Appellant's superior economic status is a justifiable consideration for the trial court when dividing the parties' marital property. *Smith v. Smith,* 561 S.W.2d 714, 718 (Mo.App.1978).