**Linda FAUSER, Respondent,**

v.

**Robert H. FAUSER, Appellant.**

**No. 47427.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 18, 1984.

Taylor, Schumaier & Sluggett, W. Morris Taylor, Ronald B. Wessel, Clayton, for appellant.

William R. Gartenberg, Clayton, for respondent.

CRIST, Presiding Judge.

Robert H. Fauser, husband, appeals the circuit court's order regarding the division of marital property and awarding of attorney's fees to respondent-wife in a marriage dissolution. We affirm.

In its dissolution decree the circuit court awarded wife, after a seven year, childless marriage, approximately $56,100 in marital property and $22,500 separate property. Husband was awarded approximately $47,-550 marital property and $5,200 separate property, including the majority interest in

Fauser Siding, Inc., the only income producing property. Wife was awarded attorney's fees of $6,400 and $500 in costs. No maintenance was awarded either party.

Wife had recently trained to become an optometrist's assistant and was earning $800 per month. She also received $225 per month in child support for her minor son from a previous marriage. Husband earned $40,411 from his business during the year preceding the dissolution.

Prior to the dissolution, husband was ordered to make temporary maintenance payments to wife. He failed to satisfy the payments. Prior to and since their separation, he maintained an adulterous relationship to which he contributed financial support. See *Sarandos v. Sarandos*, 643 S.W.2d 854, 855–56 (Mo.App.1982).

Husband contends: (1) the trial court erred in its division of marital property; and (2) the court erred in its award of attorney's fees.

We find no error in the property division. "The division of marital property is not required in any case to be equal, but to be fair." *Carter v. Carter*, 616 S.W.2d 543, 547 (Mo.App.1981). In this area the trial court is vested with broad discretion. *Arp v. Arp*, 572 S.W.2d 232, 234 (Mo.App. 1978).

The trial court did not abuse its discretion in awarding attorney's fees to wife by reason of husband's greater earning ability. Section 452.355 RSMo 1976; *In Re Marriage of Dusing*, 654 S.W.2d 938, 947–48 (Mo.App.1983).

Examination of the record reveals no error of law. The judgment is supported by substantial evidence and is not against the weight of the evidence. An extended opinion would have no precedential value. Judgment is affirmed in accordance with Rule 84.16(b).

REINHARD, C.J., and PUDLOWSKI, J., concur.