**Amos L. YOUNGBLOOD, Appellant,**

v.

**Reta Mae YOUNGBLOOD, Respondent.**

**No. 50974.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 2, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 8, 1986.

James Jay Knappenberger, Shaw, Howlett & Schwartz, Clayton, for appellant.

Robert F. Summers, Summers, Compton, Wells & Hamburg, Clayton, for respondent.

CRIST, Judge.

After a 38–year marriage, with two emancipated children, husband was granted a dissolution. Husband now appeals from the property distribution, and from awards of maintenance and attorney fees granted wife. We affirm.

Husband complains about the division of marital real estate and personalty. Wife received the marital home valued by the trial judge at $25,000, and husband received two other pieces of property with a combined value of $23,500. The other tangible and monetary assets of the parties were distributed so that wife's share was worth $18,614.09 plus ½ unvalued stock and her pension; and husband's share, including both family vehicles, was worth $14,967 plus ½ unvalued stock and his pensions. In addition to his share of the marital property, husband was awarded a $2,500 payment from wife and separate property valued at $8,158.35 (using values in husband's brief which erroneously referred to the property as marital property).

The trial court's order will only be overruled if there is no substantial evidence to support it. *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984); and *Steinmeyer v. Steinmeyer,* 669 S.W.2d 65, 68 (Mo.App.1984). When there is contradictory testimony, deference is given to the trial judge who was in a position to assess the credibility of the witnesses. *Reeber v. Reeber,* 680 S.W.2d 358, 360 (Mo.App.1984); and *Mills v. Mills,* 663 S.W.2d 369, 371 (Mo.App.1983).

The division of property here was fair and equitable. Section 452.330, RSMo (1978). *Salcedo v. Salcedo,* 693 S.W.2d 875, 879 (Mo.App.1985); and *Fauser v. Fauser,* 677 S.W.2d 422, 423 (Mo.App. 1984). The nearly equal, 49.9%/50.1%, division of martial property which awarded husband the household goods and real estate he requested at trial was based on substantial evidence. *Steinmeyer,* 669 S.W.2d at 68. The division of property is affirmed.

Husband also appeals from the award of $115 per week maintenance in favor of wife. The trial court has wide discretion in the award of maintenance. *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 800 (Mo. banc 1983); and *Salcedo,* 693 S.W.2d at 878. In light of the post-dissolution assets of each party, the inferior earning power of wife, wife's age and anticipated pension income, and the condition of the house awarded to wife, there is substantial evidence to support the finding

that wife lacked sufficient means of providing for her reasonable needs. Section 452.-335, RSMo (1978).

Husband's third contention on appeal is that the award to wife of $2,000 in attorney fees and costs was an abuse of discretion. The award of attorney fees is within the discretion of the trial court. Section 452.-330, RSMo (1978). *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 828–9 (Mo. banc 1984); and *In re Marriage of Cella,* 679 S.W.2d 392, 395 (Mo.App.1984). The award was not an abuse of discretion.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.