Donald G. PETTY, Petitioner–Appellant,

v.

Nina J. PETTY,
Respondent–Respondent.

No. 52442.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 3, 1987.

Martin Mazzei, Steelville, for petitioner-appellant.

John B. Berkemeyer, Hermann, for respondent-respondent.

CRANDALL, Judge.

Husband, Donald G. Petty, appeals from the decree of dissolution of marriage from wife, Nina J. Petty. We affirm.

Husband and wife were married in March 1956 and separated in July 1985. Three children were born of the marriage, but all were emancipated at the time of dissolution.

During the marriage, husband was employed first as a banker and then as an insurance salesman. His yearly salary and commissions as an insurance salesman were $30,000 to $35,000. He owned 16 percent of the stock in the insurance company for which he worked. He also was one-half owner of a farm in Jasper County. Generally, husband was away from home during the week and home only on weekends.

During the marriage, wife remained on the family farm in Gasconade County which husband and wife had purchased from her parents. She worked the farm, primarily raising cattle. She also bred cats for resale. She was a licensed real estate broker and an Avon representative. Although her main job was caring for the three children, she had on occasion been employed outside of the home at jobs for which she was paid minimum wage. With money saved from her endeavors, she and husband had purchased another farm in Maries County known as High Gate. At the time of dissolution, she was earning $200 to $300 per month. She was residing in the family home with the youngest daughter who was a college student and with that daughter's small child.

The trial court issued a decree of dissolution without making specific findings as to the value of the marital assets. The court divided the marital property as shown below. The figures represent each party's estimation of the item's value.

| | TO HUSBAND | |
|---|---|---|
| PROPERTY | HUSBAND'S ESTIMATED VALUE | WIFE'S ESTIMATED VALUE |
| 1962 Massey Ferguson 65 Tractor | —* | $ 3,000.00 |
| Jasper County Farm Equipment | $ 5,000.00 | 3,000.00 |
| 1981 Honda 110 Motorcycle | —* | 500.00 |
| Marketing Specialists shares | 960.00 | 13,000.00 |
| Life Insurance Policies | 1,000.00 | 1,000.00 |
| 1983 Chevrolet Pickup | 6,000.00 | 7,475.00 |
| 1/2 interest in Jasper County Farm | 57,000.00 | 80,000.00 |
| Miscellaneous personal property | 150.00 | 1,500.00 |
| | $ 70,610.00 | $109,475.00 |
| **DEBTS** | | |
| GMAC debt on truck | —* | $ 3,700.00 |
| Jasper County farm debt | —* | 39,000.00 |
| Phelps County Bank debts | —* | 989.00 |
| | | 8,802.00 |
| MasterCard debt | | 700.00 |
| | $ 84,000.00 | $ 53,191.00 |
| Net Award to Husband | ($ 13,390.00) | $ 56,284.00 |

| | TO WIFE | |
|---|---|---|
| PROPERTY | HUSBAND'S ESTIMATED VALUE | WIFE'S ESTIMATED VALUE |
| High Gate (Maries County Farm) | $ 15,000.00 | $ 12,500.00 |
| Gasconade County Farm | 84,000.00 | 49,500.00 |
| Gasconade County Farm Equipment and Personal Property | 5,100.00 | 2,600.00 |
| Life Insurance Policies | —* | 0.00 |
| Livestock | 4,000.00 | 4,000.00 |
| 1977 Plymouth | 0.00 | 0.00 |
| | $108,100.00 | $ 68,600.00 |
| **DEBTS** | | |
| Debt to Mother | —* | $ 2,500.00 |
| High Gate debt | 800.00 | 1,900.00 |
| Debt to Phelps County Bank | —* | 3,000.00 |
| | $ 800.00 | $ 7,400.00 |
| | $107,300.00 | $ 61,200.00 |

* Indicates no specific values assigned by party.

---

The trial court also ordered husband to pay $4,500 in wife's attorney's fees and $700 per month to wife as maintenance.

In his first point, husband contends that the trial court erred in awarding wife a disproportionate share of the marital property. Husband argues that the property awarded to wife constituted "one hundred percent of the marital property of any value" and indicated that the court did not consider all the marital debts in dividing the property.

■ In dividing marital property, the trial court is required to make a just division; but it need not make an equal division. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo. App.1983); *see also* Section 452.330 RSMo (1986). Absent a request by the parties, the trial court is not required to make specific findings of fact as to the value of the items of marital property awarded in the decree. *Dardick v. Dardick*, 670 S.W. 2d 865, 868 (Mo. banc 1984); *see also* Rule 73.01(a)(2). The appellate court can evaluate the trial court's division of the marital property in a meaningful fashion based on the evidence in the record. *Dardick*, 670 S.W.2d at 868. When there are no detailed findings of fact, the appellate court assumes the facts on appeal as having been found in accordance with the judgment. *Walker v. Walker*, 631 S.W.2d 68, 71 (Mo. App.1982).

■ Under wife's figures, she received a net award of approximately 52 percent of the property and husband received about 48 percent. Under husband's figures, wife received a net award of 100 percent of the marital property. We assume that the trial court accepted wife's valuation of the items in an effort to achieve a just division of marital property. If we accept wife's figures, the awards to husband and wife, although unequal, are not so disparate as to amount to an abuse of the trial court's discretion.

■ The next question is whether there was substantial evidence in the record to support the values asserted by wife. The Gasconade County farm and the High Gate property were appraised by independent appraisers at $49,500 and $12,500 respectively. There was evidence to support the valuation of husband's stock in the insurance company at $13,000. The balance sheet of his company was admitted into evidence, showing a profit carryover of $42,630.96 and total assets of $61,316.42. Other valuations by wife were supported either by testimony at trial or by the parties' financial statements. Certainly, there was evidence to the contrary. As trier of fact, the trial court had the prerogative to resolve the conflicts in the evidence. *Ware*, 647 S.W.2d at 584. We defer to that judgment, even if there is evidence which might support a different result. *Id.*

Husband contends that the trial court failed to consider the marital debts in dividing the property. We do not agree. The trial court specifically placed a valuation on the debts and divided them between husband and wife. The trial court's values are in conformity with wife's. The amount of the debts, as valued by the court and wife, are clearly supported by the record.

The trial court did not abuse its discretion in dividing the marital property. Husband's first point is denied.[1]

In his second point, husband challenges the trial court's award of maintenance of $700 per month to wife. He asserts that wife is able to support herself through employment and that she was awarded sufficient marital property to meet her needs.

■ The trial court has broad discretion in awarding spousal maintenance. *Mika v. Mika*, 728 S.W.2d 280, 284 (Mo.App.1987). In determining the amount of maintenance, the trial court must balance the reasonable needs of the spouse seeking maintenance against the other spouse's capacity to pay. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App. 1982). To warrant appellate interference, the amount of maintenance must be patently unwarranted and wholly beyond the means of the spouse who pays. *Id.*

■ The record reveals that, at the time of dissolution, wife's net income from her businesses and from the farming operation were $200 to $300 per month and her expenses approximated $1,285.83 a month. At dissolution, husband's net salary and commissions amounted to $1812.70 per month and his expenses, excluding maintenance, were $677.85 a month. The income tax returns of prior years showed that husband's gross income ranged approximately from $30,000 to $35,000. The same income tax returns showed that wife's businesses were operating at net losses.

In addition, wife has worked in the home as a housewife and mother for most of the thirty year marriage. She has foregone developing her outside businesses to their fullest because of her family responsibilities. There is no reasonable expectation that her financial condition will change. It is clear that she is not able to fully support herself through employment.

1. Husband's motion to supplement the legal file, consisting of a letter from the trial judge to both counsel after submission of the case, is sustained. In oral argument, counsel for husband suggested that the *ex gratia* statements of the trial judge in the letter shows that he failed to consider all relevant factors in dividing the marital property. *See* Section 452.330.1 RSMo (1986).

No findings of fact or conclusions of law were requested by counsel and none were given by the trial judge. The issue of the propriety of the judge's remarks are not raised in the briefs as a claim of error. We find nothing in the language of the letter that rebuts the presumption of the correctness of the trial judge's action. *Compare Binkley v. Binkley*, 725 S.W.2d 910 (Mo.App.1987).

The record shows that wife's income is not sufficient to meet her living expenses; and that husband can pay maintenance of $700 a month to wife and still have sufficient funds remaining to meet his reasonable needs. Further, the award of $700 per month does not enable wife to totally meet her expenses and, therefore, anticipates her seeking additional employment. There was sufficient evidence for the trial court to find that wife's reasonable needs required supplementation above the sums she is able to derive from the apportioned marital property and from appropriate employment. *See* Section 452.335.1 RSMo (1986). The trial court did not abuse its discretion in awarding maintenance of $700 per month to wife. Husband's second point is denied.

In his final point, husband contends that the trial court erred in awarding wife's attorney's fees of $4,500 because wife has the ability to pay her attorney and he does not. The trial court is granted broad discretion in awarding attorney's fees. Section 452.355 RSMo (1986). The court must consider all relevant factors, including the financial resources of both parties. *See, e.g., Hoffmann v. Hoffmann,* 676 S.W.2d 817, 828 (Mo. banc 1984). After examining the record, we find that the award is supported by substantial evidence and that the trial court did not abuse its discretion. Husband's third point is denied.

The decree of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.