**Michael L. THOMAS, Appellant,**

v.

**Joyce L. THOMAS, Respondent.**

No. 52417.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 2, 1988.

Dennis H. Tesreau, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stoll, Hillsboro, for appellant.

Marsha Brady, Almond, Williams & Brady, Hillsboro, for respondent.

CRIST, Judge.

Husband appeals a maintenance award of $95 per week in favor of wife in a dissolution proceeding. We affirm.

Wife was granted custody of the couple's three minor sons, ages fifteen, fourteen and twelve. Husband was an over-the-road truck driver earning more than $3,000 per month. Husband asserts the trial court erred in awarding wife maintenance because she is physically capable of supporting herself and the needs of their children do not require that she remain unemployed.

A court may grant a maintenance order to a spouse seeking maintenance if it finds that spouse:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is

the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home. § 452.335.1, RSMo 1986.

The trial court has wide discretion in an award of maintenance. *Youngblood v. Youngblood*, 717 S.W.2d 529, 530 (Mo.App. 1986).

Wife received no income-producing property in the division of marital assets. No marital home was awarded to her. After the parties separated, wife rented a house. She had no employment skills and no recent job experience. Wife did not work during their marriage. She was forty-nine years of age. The children were having behavior problems which required a good deal of wife's attention. A combination of the inferior earning potential of wife and the children's need for a mother in the home, justifies the court's award. *See Youngblood*, 717 S.W.2d at 530–31[3]; *Davis v. Davis*, 693 S.W.2d 879, 882–83 (Mo.App.1985).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.