S.L.H., Respondent,

v.

D.B.H., Appellant.

No. 52954.

Missouri Court of Appeals, Eastern District, Division One.

March 1, 1988.

Thomas Patrick O'Driscoll, Clayton, for appellant.

Benson Cytron, House Springs, for respondent.

GARY M. GAERTNER, Presiding Judge.

Husband appeals from ruling of Jefferson County Circuit Court granting dissolution of the parties' marriage. The parties

had been married for nine months before separating. The issue on appeal involves the custody of the parties' minor child. The child was approximately six months old at the time of the hearing. On appeal husband argues that the trial court's award of custody was against the overwhelming weight of the evidence. We affirm.

At trial, husband attempted to prove that wife had an ongoing lesbian relationship with her friend and roommate, M.D. M.D. had lived with wife at various times before and during the marriage. M.D. originally moved into wife's house five years ago when wife was married to her former husband, L.E. Wife, M.D., and wife's former husband are co-owners of the property on which wife and M.D. reside.

Husband testified that he had observed wife engaged in a sexual act with M.D. and that wife had admitted being a lesbian. Both the alleged sexual act and subsequent admission occurred prior to the marriage. Husband further testified that he married wife with the knowledge that she was a lesbian. On cross-examination husband admitted that at the time the alleged sexual act occurred he and wife maintained a normal sexual relationship.

Husband also presented the testimony of K.N., who dated wife two years prior to the parties' marriage. K.N. testified that wife had admitted to him that she had a relationship with M.D., but that wife had never affirmatively admitted to a sexual affair. K.N. also testified that he had a normal sexual relationship with wife at the time of her alleged admission. K.N. further testified that M.D. admitted to him that she and wife "were an item," they were "together that way," and that they were "gay" or "queer." Husband introduced into evidence a letter written by wife to K.N. in which she attempted to explain why she could no longer see him. The letter refers to wife's relationship with M.D.

Wife and M.D. testified at trial. Both unequivocally denied being lesbians or ever having engaged in any lesbian acts. Wife testified that she and M.D. do not share the bedroom. Wife also stated that when she and husband discussed dissolving the marriage he told her that he would do anything to get even. He allegedly said that he would accuse her of being a lesbian and that it would be his word against hers. Wife and M.D. both denied ever having admitted to a lesbian relationship to anyone. M.D. testified that she indeed loved wife, but as she would love a sister. M.D. and L.E., wife's former husband, both testified that they are currently dating and have had a normal sexual relationship for two years.

On appeal, husband argues that the trial court's award of custody was against the overwhelming weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Husband specifically alleges that the overwhelming weight of the evidence showed that wife was a lesbian and thus the trial court erred in awarding wife custody of the minor child. The testimony as to wife's alleged homosexuality conflicted. Husband and wife's ex-boyfriend testified that wife is a lesbian. Wife and her alleged lesbian paramour both denied being lesbians. Husband argues that the letter from wife to the ex-boyfriend K.N. tips the balance and becomes dispositive. Husband would have us hold that this letter, from which a lesbian relationship may be inferred, renders the trial court's determination against the overwhelming weight of the evidence.

██ We agree that placing primary custody of a minor child with the nonhomosexual parent is in the best interests of the child. *S.E.G. v. R.A.G.*, 735 S.W.2d 164, 166 (Mo.App., E.D.1987). But in *S.E.G.* both the wife and her lesbian paramour defined themselves as lesbians. *Id.* at 165. In the case presently before us, wife and her alleged lesbian lover have denied being or ever having been lesbians. The trial court weighs the credibility of the witnesses. *McDowell v. McDowell*, 670 S.W.2d 518, 521 (Mo.App., E.D.1984). Thus, the court was free to accept the testimony of wife and M.D. and reject the testimony of husband and K.N., the ex-boyfriend. *Grommet v. Grommet*, 714 S.W.2d 747, 748 (Mo.App., E.D.1986). In evaluating conflicting testimony, great deference is

given to the trial court. *Youngblood v. Youngblood,* 717 S.W.2d 529, 530 (Mo. App., E.D.1986). Furthermore, we will only reverse if there is no substantial evidence to support the trial court's order. *Id.*

■ Although a homosexual relationship may be inferred from the letter, we do not believe that the letter conclusively indicates a lesbian relationship. K.N. did not unequivocally state that wife and M.D. had admitted to a sexual affair. The trial court was free to reject husband's testimony as to wife's alleged sexual act with M.D. The trial court is vested with broad discretion in awarding child custody. *Davis v. Davis,* 693 S.W.2d 879, 883 (Mo.App., E.D.1985). The trial court's determination was supported by substantial evidence and clearly not against the overwhelming weight of the evidence.

The trial court's order of dissolution awarding custody of the parties' child to wife is affirmed.

REINHARD and CRIST, JJ., concur.