**Charlotte LEHMANN,
Plaintiff–Appellant,**

v.

**Thomas E. LEHMANN,
Respondent–Respondent.**

**No. 53681.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 24, 1988.

Allan Stewart, Clayton, for plaintiff-appellant.

Mary M. Albert, St. Louis, for respondent-respondent.

CRANDALL, Judge.

Charlotte Lehmann (wife) appeals from a decree of dissolution of marriage from Thomas E. Lehmann (husband). We affirm.

Husband and wife were married in June 1963 and separated in July 1985. During the marriage, husband was self-employed and owned and operated a construction company. Although he had earned up to $20,000 annually in the past, his yearly income at the time of the dissolution was about $14,000. During the marriage, wife had been employed outside of the home. She had gone back to graduate school in hospital administration. For the two years it had taken wife to complete her master's degree, she had worked on a part-time basis. Since 1980 and at the time of trial, wife was employed as a hospital administrator. In addition to her annual salary of $60,500, she received $105 a month for business related expenses.

Two children were born of the marriage, a son in 1966 and a daughter in 1969. At the time of dissolution, the son had reached majority. He had dropped out of college and was emancipated. The daughter was a minor and was a first year college student. Wife admitted to having an extramarital affair during the marriage.

The trial court divided the marital assets as follows:

| TO WIFE | |
| --- | --- |
| Property | Valuation |
| Bank Accounts | $ 2,121.22 |
| | 3,234.67 |
| | 556.71 |
| | 500.00 |
| | 67,395.07 |
| Mutual Fund | 10,710.00 |
| IRA | 4,000.00 |
| 1984 Oldsmobile | 7,000.00 |
| 1978 Chevrolet | 1,500.00 |
| | $ 97,017.67 |
| TO HUSBAND | |
| Bank Accounts | $ 407.89 |
| | 9.82 |
| | 4,212.86 |
| Certificate of Deposit | 100,000.00 |
| 1976 Truck | 1,000.00 |
| Tools & Equipment | 5,000.00 |
| | $110,630.57 |

The trial court awarded custody of the minor daughter to wife, but made no provision for payment of child support to wife by husband.

The standard of appellate review in a court-tried case requires this court to affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.

App.1983). The judgment is to be affirmed under any reasonable theory supported by the evidence. *Id.* Further, the appellate court must accept as true the evidence and permissible inferences therefrom favorable to the prevailing party and disregard the contradictory evidence. *Id.* Deference is accorded the trial judge even if there is evidence which might support a different conclusion. *Id.*

In her first point, wife claims that the trial court abused its discretion in dividing the marital property in light of the evidence before it and in light of the relevant factors enumerated in Section 452.330(1), RSMo (1986).

In the instant case, the trial court awarded approximately 47 percent of the marital property to wife and about 53 percent of the property to husband. In dividing marital property, the court is required to make an equitable division, not an equal one. *Petty v. Petty,* 739 S.W.2d 738, 740 (Mo.App.1987); *see also* Section 452.330.

The evidence adduced at the dissolution proceeding was that the parties were married for about 22 years. During the marriage, both parties contributed financially by working outside of the home. For the greater part of the marriage, husband's income exceeded that of wife. Since obtaining her master's degree in 1980 and taking a position as a hospital administrator, wife's salary has increased steadily and has been substantially higher than husband's. Since 1980, however, husband's earnings have decreased, levelling off at about $14,000 per year. The evidence revealed that there was a great disparity between the present annual salaries of the parties and between their potential earning capacities. Wife also had been guilty of marital misconduct. Under these circumstances, a distribution of property which slightly favored husband was not an abuse of discretion.

Further, nothing in the record indicates that the trial court failed to take into consideration the factors enumerated in Section 452.330. Neither party requested findings of fact and conclusions of law pursuant to Rule 73.01. A division of marital property is not deficient for the trial court's failure to announce that it has arrived at the division in accordance with the requisite statutory factors. *Starrett v. Starrett,* 703 S.W.2d 544, 548 (Mo.App. 1985). Fact issues are considered to have been resolved according to the result reached by the trial court. *Id.* Wife's first point is denied.

In her second point, wife claims error in the trial court's failure to award her child support. Section 452.340, RSMo (1986) directs the trial court to consider certain factors in awarding child support. Those factors include, but are not limited to, the father's "primary responsibility" for the support of his child, as well as the financial resources of the child, of the custodial parent, and of the non-custodial parent.

Here, the minor child was a college student. Although the husband usually bears the primary responsibility for the support of his child, the wife is not absolved from all financial responsibility for that child but must bear some portion of that responsibility. *Bathon v. Bathon,* 741 S.W.2d 100, 103 (Mo.App.1987). Wife testified at the dissolution proceeding as follows: "I don't want child support. I want help with their tuition and room and board and their usual costs for college, not help with making a home for my children." In our previous discussion of the financial resources of the respective parties, we noted the disparity between husband's and wife's salaries and their earning potentials. In addition, wife's financial statement, which was admitted into evidence, indicates that, while she had been paying for her son's college expenses, her income had exceeded her expenses. Based on the financial condition of the parties, we find that the trial court did not abuse its discretion in failing to award wife child support. Wife's second point is denied.

The judgment is affirmed.

SIMON, P.J., and GRIMM, J., concur.