Vicki Lynn JACKSON,
Petitioner–Appellant,

v.

Darrell Clay JACKSON,
Respondent–Respondent.

No. 54793.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1989.

Cynthia S. Holmes, Clayton, for petitioner-appellant.

Mark H. Neill, St. Louis, for respondent-respondent.

CRANDALL, Presiding Judge.

Vicki Lynn Jackson (mother) appeals from the order of the trial court, on the parties' cross-motions to modify, which changed primary custody of the couples' son from mother to Darrell Clay Jackson (father) and which set aside the child support awarded to mother in the original decree. We affirm.

The parties' marriage was dissolved May 21, 1982. One child, a son, was born of the marriage on July 14, 1979. The decree of dissolution awarded primary custody of the child to mother. Father was granted temporary custody and ordered to pay child support.

In February 1986, father filed a motion to modify seeking custody. Mother filed a cross-motion seeking an increase in child support. Two years later, in March 1988, the case was heard.

After an evidentiary hearing, the trial court changed primary custody of the child to father and gave mother temporary custody at certain specified times. The court set aside the child support order of the dissolution decree.

■ In her first point, mother alleges that there was not sufficient evidence to justify the trial court's order modifying custody. Our review is guided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983).

Here, neither party requested findings of fact and conclusions of law. In the absence of the trial court's statement of the grounds for its decision, we assume that the fact issues were resolved in accordance with the outcome reached. Rule 73.01.

■ We have reviewed the record and find that there was substantial evidence in the record which supports a finding that there has been a substantial change in the circumstances of the child or of his custodian and that a change of custody would be in the best interests of the child. *See* Sec-

tion 452.410, RSMo (1986). Although there is evidence in the record which might support a different conclusion, the trier of fact has the right to reject that evidence and to believe other contradictory evidence. *See Ware*, 647 S.W.2d at 584. An extended opinion would have no precedential value. Rule 84.16(b). Mother's first point is denied.

In view of our holding which affirms the trial court's change of custody, mother's second point regarding an increase in child support is rendered moot.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.