**In re the MARRIAGE OF Charles M. BALDWIN, Petitioner–Appellant,**

**and**

**Melissa Lynn Baldwin, Respondent.**

**No. 16292.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 28, 1989.

---

James V. Nichols, Lamar, for petitioner-appellant.

Richard M. Scott, Lamar, for respondent.

GREENE, Judge.

Husband, Charles Mansell Baldwin, appeals from that portion of a judgment in a dissolution of marriage case that awarded custody of Bradley Oren Baldwin, a minor child of the parties, to Melissa Lynn Baldwin, wife of Charles and mother of Bradley. We affirm.

In his sole point of claimed error relied on in his appeal, the husband contends that the trial court's decision on the custody issue was erroneous because it was against the weight of the evidence. Neither party requested, and the trial court did not independently make, findings and conclusions which were the basis for its determination of the custody issue. Under such circumstances, we assume that the fact issues were resolved in accordance with the result reached. Rule 73.01(a)(2).[1]

The record reveals that relevant evidence on the custody issue was sharply conflicting. The husband testified that the wife was having an affair, and both he and his witnesses testified that she was quarrelsome and abusive, and that she had hit, slapped, and bit the husband. The wife testified that the husband, who weighed 262 pounds, had a bad temper, had choked her and, on a number of occasions, had beaten her. She testified that her husband had told their child that his mother was a bitch, slut, and a whore, and both she and her witness testified that he had said the same not only in Bradley's presence, but in the presence of other persons. The wife denied the bad conduct attributed to her by her husband and his witnesses, stating, however, that although she had hit and bitten him, she became physically abusive to him only in self-defense. The trial court heard evidence that Melissa could care for, maintain, and educate the child, that her proposed living arrangements were satisfactory, that she was a good housekeeper, and that she loved her son and showed it by her actions toward him.

The trial judge was in a much better position than we are to judge the credibility of the witnesses, and had the right to re-

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

solve the conflicts in the evidence in favor of the party that the trial court found most believable, accepting or rejecting all, part or none of the testimony. *Jackson v. Jackson*, 764 S.W.2d 526 (Mo.App.1989). The trial court here chose to resolve those conflicts in favor of Melissa and her witness, as it had a right to do.

Since our review shows that the custody award is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law, our duty is to affirm it. *Hartig v. Hartig*, 738 S.W.2d 160, 161 (Mo.App.1987). An extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

CROW, P.J., and PREWITT, J., concur.