In re MARRIAGE OF Margaret
A. KOVACH and Ronald E.
Kovach.

Margaret A. KOVACH,
Petitioner/Respondent,

v.

Ronald E. KOVACH,
Respondent/Appellant.

No. 62318.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 7, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 19, 1994.

Anthony L. Anderson, Anderson & Preuss, Clayton, for respondent/appellant.

Charles I. Ford, Steinberg, Crotzer & Ford, Clayton, for petitioner/respondent.

CRANE, Presiding Judge.

Husband appeals from a decree of dissolution of marriage. He challenges the trial court's award of retroactive child support, the division of marital property, the award of attorney's fees, and the valuation of marital assets. We affirm.

Ronald E. Kovach [husband] and Margaret A. Kovach [wife] were married on June 27, 1970. Four children were born of the marriage, all of whom were minors at the time of trial. Wife filed a petition for dissolution of marriage on April 12, 1990, and subsequently filed a first and second amended petition. Wife filed a motion for temporary child support on May 3, 1990, which was denied on April 1, 1991.

Husband successively employed five different attorneys prior to trial. After terminating his relationship with his fifth attorney, he disavowed the pretrial stipulations which that attorney had entered into. Although he eventually did not contest many of these issues at trial, wife's attorney was obliged to prepare for trial on these issues. Husband represented himself at trial, which commenced on April 7, 1992.

The trial court entered its Judgment and Decree dissolving the marriage on May 20, 1992. The court granted wife primary custody of the minor children, with reasonable visitation and temporary custody to husband. After calculating support in accordance with Rule 88.01, the court ordered husband to pay $254 per month as child support for the four minor children and $6096 for twenty-four months child support retroactive to the filing of the petition. The court divided the marital assets 60% to wife and 40% to husband. In dividing the marital property, the court awarded wife the marital home and husband 33 acres of land in Warren County. Husband was ordered to pay $3500 of the approximately $14,000 total attorney's fees incurred by wife.

For his first point husband asserts the trial court erred in awarding wife $6,046 [sic] for retroactive child support from the date of filing of the petition to the date of the decree. Husband argues the award was erroneous because 1) wife did not expressly pray for retroactive child support in her petition and 2) the failure of the trial court to award child support *pendente lite* barred a retroactive award of child support.

In her original dissolution petition filed April 12, 1990 and her first amended petition filed May 9, 1990, wife prayed for "reasonable child support" and "such other orders as may be just and proper." On May 3, 1990

wife filed a PDL motion alleging that the parties were separated and that she had custody of the children asking for temporary child support in the amount of $250 per month, as well as temporary maintenance. On April 1, 1991 the court entered a PDL order granting custody to wife with visitation to husband. The order further provided: "No child support ordered." In wife's pretrial submission, filed March 26, 1992, wife stated, "[Wife] also has requested that the child support be retroactive to the filing of the divorce petition and is entitled to such an amount." In wife's proposed "Judgment and Decree" attached to her pretrial submission, wife included a provision awarding her twenty-four months retroactive child support.

The case was tried on April 7, 1992. In its dissolution decree of May 20, 1992, the trial court ordered retroactive child support as follows:

15: Respondent is ordered to pay to Petitioner the sum of $6,096.00 as and for retroactive child support to the date of the filing of this petition in April of 1990, consisting of 24 months of retroactive child support. Said sum to be a judgment against Respondent in favor of Petitioner.

Husband argues that because there was no prayer for retroactive support in the petition or amended petitions and because the trial court denied temporary child support, the trial court was precluded from awarding retroactive child support. We disagree.

■ An award of retroactive child support is authorized by statute. Section 452.340 RSMo Supp.1990 provides:

1. In a proceeding for dissolution of marriage, legal separation or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, including an award retroactive to the date of filing the petition, without regard to marital conduct, after considering all relevant factors including:

(1) The financial needs and resources of the child;

(2) The financial resources and needs of the parents;

(3) The standard of living the child would have enjoyed had the marriage not been dissolved;

(4) The physical and emotional condition of the child, and his educational needs.

This statute recognizes that a parent has a duty of support and gives the court the power to order a reasonable or necessary amount, after considering all relevant factors. Further this statute provides that an order to pay child support may include a retroactive award.

Wife argues that a prayer for child support includes a request for a retroactive award by implication and, alternatively, that husband did not object when she requested retroactive child support at trial and the issue was therefore tried by consent. We find the retroactive award was supported by the substantive allegations in the pleadings and the evidence.

■ It has been consistently held that under our contemporary form of code pleading, the prayer is not part of the petition and may be disregarded in determining what relief, if any, is authorized by the petition. *Stafford v. McCarthy*, 825 S.W.2d 650, 658 (Mo.App. 1992) (court could award money judgment although prayer asked for transfer to be set aside). *See also McMenamy v. Main*, 686 S.W.2d 874, 876 (Mo.App.1985) and cases cited therein. If the relief granted is consistent with the allegations in the petition, the court is not circumscribed by the prayer. *LaPresto v. LaPresto*, 285 S.W.2d 568, 571 (Mo.1955) (trial court could properly make an award of maintenance in gross although petition sought monthly maintenance).[1]

In this case the pleadings supported an award of retroactive support. In her original

---

1. The cases cited by husband are not inconsistent. In *Fletcher v. North British and Mercantile Ins. Co.*, 425 S.W.2d 159, 164 (Mo. banc 1968) the court modified a judgment which exceeded the prayer *and* was not supported by the substantive allegations in the petition or the evidence.

In *Weatherford v. Spiritual Christian Union Church*, 163 S.W.2d 916, 918 (Mo.1942), the court held a judgment was subject to collateral attack where "a court proceeds beyond the allegations of the pleadings and the prayer for relief, and decrees a matter not at issue."

and first amended petition, wife alleged as follows:

11. That Petitioner lacks sufficient property to provide for her reasonable needs and is unable to totally pay for the support of the minor children, while Respondent is financially capable of contributing to child support, maintenance and paying for Petitioner's attorney's fees and the costs of this action.

This paragraph was incorporated into her second amended petition. These allegations, which set out the spouses' respective abilities to pay child support as of the time of the filing of the petition, if proved, would support an award of child support from the time of the filing of the petition.

Two weeks before trial wife filed and served husband's then attorney with her pretrial submission in which wife stated she had requested retroactive child support. Further, wife testified at trial that she was still requesting retroactive child support.[2] Husband did not object to this question or answer. A party who represents himself is "bound by the same rules of evidence and procedure as those who are admitted to practice law, and they are held to the same familiarity with required procedures and rules as would be attributed to a member of the bar." *Parker v. Wallace*, 473 S.W.2d 767, 773 (Mo.App.1971).

At trial wife offered evidence to support an award of retroactive child support which was received without objection. Wife testified that the children had continuously resided with her in the family home and that husband had not provided her with any monies for her children or for the household since she filed the original petition. Husband himself admitted that he had not given any money to his family since October, 1990.

There was substantial evidence in the record of husband's employment and income history over the entire marriage including the period after the petition for dissolution was filed from which the trial court could impute an income to husband.[3] There was also evidence of wife's employment and income. From these figures the court could compute child support under the guidelines.[4] Because the relief granted was consistent with the substantive allegations of the petition, was subsequently requested on the record, and was supported by the evidence, the trial court did not misapply the law in awarding retroactive child support, even if it was not specifically prayed for.

■ The fact that wife was denied child support in the PDL order does not preclude the trial court from awarding her retroactive support as part of the final decree. Section 452.340.1 RSMo Supp.1990 provides that the child support order may include an award of child support retroactive to the date the petition is filed. The purpose of a PDL order is to maintain the status quo pending final judgment. *Cross v. Cross*, 790 S.W.2d 928, 929 (Mo.App.1990). A PDL order and a decree of dissolution are independent orders. *In re Marriage of Clark*, 801 S.W.2d 496, 501 (Mo.App.1990). The PDL order stands on its own merits and is not relevant to a spouse's permanent needs for child support as provided for in the decree of dissolution. *Id.; Cross*, 790 S.W.2d at 929.

■ Husband argues wife's only remedy was to appeal the PDL order. Even if she had this option in this case prior to the entry of the decree of dissolution, she independently had the option of seeking retroactive child support as part of the permanent award un-

2. This testimony was elicited by a question following a gratuitous statement by wife's attorney that wife had sought retroactive child support in her original petition. From this statement and the wording of the pretrial submission, it appears wife's attorney mistakenly believed that retroactive support had been specifically requested in the petition.

3. Husband had not been permanently employed since 1987. There was evidence that husband was capable of work, had turned down jobs, and

had engaged in misconduct which led to his unemployment.

4. This evidentiary standard has since been codified in section 9 of § 452.340 of L.1993, S.B. No. 253. 1993 Mo.Legis.Serv. S.B. 253 (Vernon). This new section provides that in applying the guidelines to determine a retroactive support award, a court may use the average monthly income of the noncustodial parent to determine the amount of presumed support owed for the period of retroactivity.

der § 452.340.[5] Wife was not required to exhaust any appeals on the PDL order in order to receive an award of retroactive child support. Point one is denied.

For his second point, husband contends the trial court erred in dividing marital property because it failed to consider all of the statutory factors set forth in Section 452.330 RSMo Supp.1988. In paragraph 12 of its order the trial court found as follows:

> 12: Because of the needs of Petitioner in raising and supporting the four minor children of the parties and because of the marital fault of Respondent the court is allocating the marital assets approximately 60% to Petitioner and 40% to Respondent.

Husband argues that this finding implies that the court did not consider the remaining statutory factors. We disagree.

Section 452.330 requires the court to consider all relevant factors when dividing marital property. This requires the court to *consider* all factors. However, in the absence of a specific request pursuant to Rule 73.01(a)(2), this statute does not require the trial court to make a finding with respect to each factor. *Lehmann v. Lehmann*, 750 S.W.2d 724, 726 (Mo.App.1988). Nothing in the record indicates the trial court failed to take into account the statutory factors. We consider fact issues to have been resolved consistent with the result of the case. *Id.* The property distribution is supported by the evidence. Point two is denied.

For his third point, husband claims the court erred in awarding attorney's fees to wife's counsel. He asserts that wife's gross income was $3266 per month and because he had no actual income or stable employment, he would have to sell his portion of the marital property to pay those fees.

At trial wife introduced an itemized work sheet showing attorney's fees through March, 1992 in the amount of $11,524 and estimated that an additional $2000 was incurred since that time on trial and trial preparation. Husband does not contest the reasonableness of the fees, but his ability to pay them.

Section 452.355 RSMo Supp.1990 authorizes a trial court to award attorney fees after considering all relevant factors. Such factors include the parties' financial resources and conduct during the marriage. *Pauley v. Pauley*, 771 S.W.2d 105, 111 (Mo. App.1989). The court may also consider a spouse's conduct during the litigation which unfairly increases the other spouse's attorney's fees. *Id.* The trial court is an expert on the issue of attorney's fees and is given wide latitude in the allocation of fees and costs. *Id.* A trial court's award of attorney's fees will be reversed only upon a finding of manifest injustice. *Id.* Husband has the burden to show the trial court abused its discretion in the award. *Id.*

In this case there was evidence from which the court could have found that husband's conduct in defense of the dissolution unnecessarily increased wife's attorney's fees. Further, there was evidence of husband's earnings history and that in recent years husband had purposely engaged in conduct which kept him from obtaining or keeping employment. The trial court found that husband could earn income of $866 per month if he chose to do so. There was also evidence, and the court found, that husband had engaged in misconduct during the marriage. In light of these circumstances, the trial court did not abuse its discretion in awarding wife $3500 in attorney's fees. Point three is denied.

For his fourth point husband claims the trial court's valuation of the Warren County property and various camera and electronic equipment was not supported by sufficient evidence. The trial court found the Warren County property had a fair market value of $50,000, certain tools had a value of $3000, and certain camera equipment had a value of $2000. The Warren County property was purchased in 1985 for $48,600. Husband estimated that the land was worth $550 an acre ($18,150) at the time of trial. Wife testified to her opinion that the value of the property was $50,000 to $60,000. Property owners are competent to testify to the reasonable market value of their real estate, but

**5.** Wife argues she could not appeal because the order was the result of a settlement. The record contains only the order, without an indication if it was based on a finding by the court or stipulated by the parties.

the trial court is not bound to accept their estimate. *Hogrebe v. Hogrebe,* 727 S.W.2d 193, 197 (Mo.App.1987). "When there is contradictory testimony, deference is given to the trial judge, who is in a position to assess the credibility of the witnesses." *Id.;* *Youngblood v. Youngblood,* 717 S.W.2d 529, 530 (Mo.App.1986). The trial court did not abuse its discretion in finding the value of the home to be $50,000, which was supported by the wife's estimate of value and the purchase price. Nor did the trial court err in failing to consider an appraisal which was not offered into evidence at trial.

 Further, the trial court did not err in valuing the personal property in accord with the estimated values wife placed on the property. The values were supported by a trial exhibit document received into evidence. Husband did not contest those values at trial. *See Smith v. Smith,* 682 S.W.2d 834, 836 (Mo.App.1984). Point four is denied.

The judgment of the trial court is affirmed.

CRAHAN, J., concurs.

KAROHL, J., dissents in part, in separate opinion.

KAROHL, Judge, dissenting in part.

I dissent only in that part of the opinion which affirms an award of retroactive child support. Wife never mentioned an award of retroactive child support in any part of any pleading and the issue was not tried by consent.

As a matter of law the failure to award child support at the pendente lite hearing did not foreclose the award of retroactive child support at the time of the dissolution hearing. We have held a failure to award child support in a dissolution decree does not bar such awards in modification proceedings. *Plunkett v. Aubuchon,* 793 S.W.2d 554 (Mo. App.1990). The reasoning applied in *Plunkett,* also applies when considering a PDL followed by a decree. However, the failure to make such award is relevant on the issue of trial court discretion to make such award on the authority of § 452.340 RSMo Cum. Supp.1992. That section authorizes an award retroactive to the date of filing a petition for dissolution. All three districts of the Missouri Court of Appeals have consid-

ered and approved the denial of retroactive child support, an · award partially granting retroactive child support and awards granting complete retroactive child support. The focus of these opinions has been on the discretion authority granted by the statute. No case has previously held that the award of retroactive child support may be granted by a dissolution court where the issue was not mentioned in pleadings. No court has considered whether the statute relieves the petitioner of proving need and ability to pay during the period from the date of filing the petition to the date of the decree. The retroactive portion of the award should be reversed because there was no request in the pleadings that the child support award be made effective on the date of filing. The issue was not tried by consent and there was insufficient proof to support the award.

The facts relative to the retroactive child support issue are as follows. The original petition was filed on April 12, 1990. Wife alleged that no arrangements for custody and child support had been made by the parties and she lacked sufficient property and income to totally support the four children of the marriage. Similar allegations were made in the first amended petition filed on May 9, 1990. In both petitions a request was made for reasonable child support. No mention was made of retroactive reasonable child support. On February 1, 1992, wife filed a second amended petition. Significantly, in the second amended petition she alleged that husband failed "to obtain or keep some sort of steady, gainful employment during the last few years of the marriage...." The request for relief was broadened to request that wife should have a substantial portion of the parties' marital property "in the absence of any effort or apparent ability of Respondent to provide any meaningful child support."

In the judgment and decree, the court made the following findings and award:

12: Because of the needs of Petitioner in raising and supporting the four minor children of the parties and because of the marital fault of Respondent the court is allocating the marital assets approximately 60% to Petitioner and 40% to Respondent.

The court honored the alternative request for a greater property award where husband's ability to support was limited.

This case was tried on April 7, 1992. Wife testified the income and expense and property statement she filed with the court on March 6, 1992, was accurate. There was no testimony that these figures had any retroactive validity. The only other financial statements in the legal file were property and income and expense statements filed by husband on October 30, 1990. His statements were not made evidence at trial but reflect monthly expenses with no income. Husband is a high school graduate. Wife has a masters degree. Wife testified that both of the parties worked and contributed to the marriage, with some time off during child care, until husband was fired in 1987. She knew that he last worked a 40 hour week at that time. She also acknowledged his treatment for psychiatric problems. There was no evidence husband had any special skills. After he was fired in 1987, an attempt to operate a family business failed. His effort at part-time work was of no consequence. She directly testified that the most money he had earned since 1987 was approximately $6000 and that was an estimated sum.

The court imputed $10,392 per year income to husband for purposes of determining child support. It ordered child support of $63.50 per month per child. Without evidence to support a retroactive application, the court applied the same child support retroactively for a period of twenty four months. For the following reasons it was error to order retroactive child support.

First, retroactivity was never mentioned in the pleadings.

Second, there was no evidentiary support that the amount determined at the time of the hearing would be the appropriate amount to be applied retroactively. Wife never was asked to apply her current financial information backward to the date she filed her petition.

Third, wife altered her request for relief by a second amended petition filed nearly two years after the original petition and a few months before the hearing at which husband appeared pro se. In view of the requirements of Rule 88.01, this may be interpreted as an alternative remedy to retroactive child support. Such award could be a substitute for non-payment of child support during pendency of the case.

Fourth, on the issue of statutory discretion to make a retroactive reward, the express refusal to grant pendente lite child support is a relevant consideration and suggests an abuse of discretion where the matter was not mentioned in pleadings. It is also relevant that husband did not have and was not awarded an asset which could be used to pay the retroactive child support award.

The majority opinion suggests that a court may make retroactive child support awards, if supported by the substantive allegations in the pleadings and the evidence, even if not included in the prayer. But this rule does not fit this case where there was no substantive allegation regarding retroactive award and where (1) there was no evidence directed to a retroactive award and (2) wife sought an alternative award. In accord with the standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), the retroactive portion of the child support award should be reversed.