Marvin GREENBERG, Plaintiff–
Respondent,

v.

Ray DOWDY, Defendant–Appellant.

No. 68251.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 8, 1996.

Irwin M. Roitman, Clayton, for Defendant–Appellant.

William G. Buchholz, II, Clayton, for Plaintiff–Respondent.

KAROHL, Judge.

Defendant, Ray Dowdy, (tenant) appeals after judgment in favor of Marvin Greenberg, (landlord) on his cause of action for breach of a commercial lease. The only issue is whether the trial court erred on matters of fact and law in finding the parties had two lease agreements which were exclusive of one another and represented separate transactions. This finding supported rejection of the defense landlord was not entitled to recover rent on one lease where landlord exercised an option to terminate tenancy under the other lease. We affirm.

Tenant operates a garage door business d/b/a "Atlas Garage Doors." On August 30, 1991, the parties signed a one year lease at $475 per month for a building located at 4154 Cypress Road, St. Ann, Missouri. The premises were to be used by tenant as a sales office and retail showroom.

They signed a second lease on September 3, 1991. This lease involved a building, abutting the showroom, located at the lower level of 4128 Cypress Road. The lease permitted tenant to use the premises rent free, for storage, on a temporary basis as needed. It also contained a clause requiring tenant to return the premises to landlord within twenty-four hours of receiving written notice or be subjected to a $100 per day penalty. Neither lease made any reference to the other.

On March 25, 1992, landlord delivered to tenant a notice to vacate the storage premises pursuant the terms of the second lease. Tenant responded to the notice by relinquishing both the showroom and storage premises by April 28, 1992. He mailed landlord the keys along with a note stating he could not function without the use of the storage room.

Landlord filed a petition on June 10, 1994. In Count I, he asserted a claim for penalty damages of $100 per day for 31 days under the storage lease and a claim for damages to a fence on the leased property. In Count II, he alleged tenant breached the showroom lease by failing to pay rent for May, June, July and August 1992.

On March 28, 1995, the trial court found in favor of tenant on Count I. It held, in part, the penalty clause was disproportionate to actual loss. This part of the judgment is not appealed. Regarding Count II, the trial court found the leases to be separate and exclusive of one another. The termination of one had no effect on the other. It entered judgment in favor of landlord for the rent, late charges, back taxes, insurance and utilities for the four months remaining under the showroom lease. Tenant appeals, arguing "the trial court erred ... as a matter of fact and under the law" in finding that two leases existed for the adjoining spaces. He argues there was only one agreement and therefore the showroom lease was canceled when landlord dispossessed him from the storage premises.

In court-tried cases, we will not disturb the trial court's order unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept as true all evidence favorable to the finding and all reasonable inferences to be drawn from it, and all contrary evidence is disregarded. *Price v. American Bank of St. Louis*, 793 S.W.2d 593, 598 (Mo.App.1990).

The trial court did not err as a matter of fact. At trial, landlord testified he was unaware of tenant's need for storage space on August 30, 1991. Tenant initiated a discussion concerning the storage lease on the evening of September 2, 1991, three days after the showroom lease was signed. He also testified tenant stated he needed the extra storage space only for a "very short period of time ... until he could locate space for storage."

In contrast, tenant testified landlord knew that the showroom building failed to provide adequate storage. He testified landlord showed him the storage room in the lower level building on August 30, 1991. John Ernst, tenant's employee, corroborated this testimony. Ernst testified he accompanied landlord and tenant to the lower level storage space on August 30, 1991. He stated he overheard a conversation, at that time, between landlord and tenant regarding a lease for the storage room.

Where there is a conflict in the evidence, the trial court determines the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). Even if the evidence might support a different conclusion, we defer to the trial court's determination. *Id.* The record contains sufficient evidence from the landlord's testimony to support the trial court's finding. We find no error as a matter of fact.

Nor did the trial court err as a matter of law in finding two exclusive contracts. Several instruments made at the same time, and relating to the same subject matter *may* be read together as one contract. *Merz v. First National Bank of Franklin County*, 682 S.W.2d 500, 502 (Mo.App.1984). (Our emphasis). This rule is employed only for the purpose of giving effect to the intention of the parties and is not applied arbitrarily and without regard to the realities of the situation. *Four–Three–O–Six Duncan Corporation v. Security Trust Company*, 372 S.W.2d 16, 23 (Mo.1963). Thus, even though several instruments relating to the same subject matter and executed at the same time should be construed together to determine the parties' intent, it does not necessarily follow that those instruments are one contract. *Id.*

The landlord testified, and the trial court believed, the second lease for the storage space was signed independently of the showroom lease. The conclusion of law based on disputed facts depends upon the findings of facts. In addition to landlord's testimony on intent, neither lease mentions the other and both can be enforced without regard to the other.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.