Cheryl L. CALHOUN, Petitioner–Respondent,

v.

Demarkus R. CALHOUN, Respondent–Appellant.

No. 69068, 70273 and 70578.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 15, 1996.

Rehearing Denied Nov. 18, 1996.

Fred H. Eppenberger, St. Louis, for Respondent–Appellant.

Irvin Dubinsky, St. Louis, for Petitioner–Respondent.

HOFF, Judge.

Demarkus R. Calhoun (Husband) appeals a judgment which modified a decree of dissolution by increasing the amount of Husband's child support obligation, by ordering Husband to pay Cheryl L. Calhoun (Wife) $750 in attorney's fees and assessing costs against Husband. Husband further appeals two judgments entered on February 5, 1996 and April 4, 1996, each of which ordered Husband to pay Wife $3,500 for attorney's fees on appeal. These three appeals have been consolidated. We affirm in part, and reverse and remand in part.[1]

Husband raises five points on appeal. The first three points concern the judgment which modified Husband's child support obligation. The judgment increasing child support is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential or jurisprudential value. Points one, two, and three are denied and the judgment regarding the increase in

Husband's child support obligation is affirmed in accordance with Rule 84.16(b).

In his fourth point on appeal, Husband challenges the award of $750 in attorney's fees for the modification of the dissolution decree and the February 5, 1996 judgment which awarded Wife $3,500 for appellate attorney's fees "on account." Husband asserts the trial court erred in awarding Wife attorney's fees for her motion to modify and for the appeal of the modification order. Husband contends the awards are contrary to the general rule of law, contrary to the evidence in the case, and are a clear abuse of discretion. Husband argues attorney's fees should have been awarded to him, not Wife.

After considering all relevant factors including the financial resources of both parties, a trial court may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding regarding a divorce or a motion to modify a divorce decree. § 452.355.1 RSMo 1994. These costs may include sums for legal services rendered and costs incurred before the commencement of the proceeding or after entry of the judgment. *Id.* When the trial court considers an award of attorney's fees, it may consider a spouse's conduct during the marriage and during the litigation which may have unfairly increased the other spouse's attorney's fees. *In re Marriage of Kovach,* 873 S.W.2d 604, 608 (Mo.App.1993).

The trial court is an expert on the issue of attorney's fees and this Court gives the trial court wide latitude in the allocation of fees and costs. *Id.* An award of attorney's fees by the trial court will be reversed only upon a finding of manifest injustice. *Id.*

Accordingly, we affirm the judgment awarding Wife $750 for attorney's fees on the motion to modify.

We remand the February 5, 1996 judgment ordering Husband to pay Wife $3,500 in attorney's fees "on account" while his appeal of the modification order was pending. We find there is substantial evidence to support an award of actual incurred

---

1. Wife's motion to strike appellant's brief taken with the case is denied.

attorney's fees to Wife. We remand for a hearing regarding the actual amount of attorney's fees Wife incurred on appeal.

In his fifth point on appeal, Husband attacks the third judgment dated April 4, 1996 which awarded Wife an additional $3,500 for attorney's fees for the appeal of the February 5, 1996 award of attorney's fees.[2] Husband asserts the award was ex parte because he received no notice of a hearing on the matter. Additionally, Husband contends that because the appeals were consolidated, Wife's attorney would have incurred no additional expenses beyond what was spent and submitted as fees on Wife's earlier motion.

We find there is substantial evidence to support an additional award of Wife's incurred attorney's fees. We reverse the April 4, 1996 judgment ordering Husband to pay Wife $3,500 in attorney's fees and remand for hearing on the actual attorney's fees incurred by Wife on the appeal of the February 5, 1996 judgment.

Affirmed in part; reversed and remanded in part.

CRAHAN, P.J., and GRIMM, J., concur.

---

**2.** Husband uses the word "costs" when referring to the award granted in the April 4, 1996 judgment. After a review of this judgment and the argument portion of Husband's brief, we note Husband is actually referring to and challenging the award of an additional $3,500 in attorney's fees on appeal. Husband is not referring to court costs, as court costs were not addressed in the order or his point relied on.